IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:21-cv-00392-RBJ-SKC

HESHIMO YAPHET CARR,

    Plaintiff,

v.

EL PASO COUNTY JAIL,
WILLIAM ELDER, El Paso County Sheriff, and
EL PASO COUNTY, BD OF COMMISIONERS,

    Defendants.

## ORDER on MOTION TO DISMISS

Defendant moves to dismiss this case for failure to state a claim and lack of jurisdiction. ECF No. 14. The Court grants the motion without prejudice and with leave to amend.

## BACKGROUND

Mr. Carr alleges that he is a pretrial detainee being held in the El Paso County Jail. ECF No. 1 (Complaint). He filed this § 1983 action pro se on February 8, 2021. The essence of it is his claim the jail did not provide adequate measures to protect inmates against COVID-19, and that as a result he contracted the disease. He prays for "an unspecified amount of monetary relief, and any other form of relief that the Court may find necessary." *Id.* at 18.

This is not the only such action involving the El Paso County Jail. Mr. Carr filed a similar action on August 31, 2020. Carr v. El Paso County Jail, et al., No. 1:20-cv-02660-RBJ-

1

SKC.  That case is still pending, but the Court this day has issued an order to show cause why it should not be dismissed for failure to prosecute.  Also, on December 13, 2020, the ACLU and others filed a class action complaint against the El Paso County Sheriff on behalf of inmates, including Mr. Carr, complaining about the Jail's response to the pandemic and seeking declaratory and injunctive relief.  *Weikert v. Elder,* No. 1:20-cv-03646-RBJ.  On December 31, 2020, the parties stipulated to the entry of a preliminary injunction requiring the implementation of 15 specific measures designed to reduce the risks of COVID to inmates including masking, testing, identification of inmates with increased risk of severe illness if they contract COVID-19, hygiene procedures, and isolation and treatment of inmates who are infected.  ECF No. 23 in that case.  The Court entered the stipulated injunction on January 4, 2021.  The case has since been settled and administratively closed.

     I note that Mr. Carr has never explained why he is pursuing two separate cases against the defendants, apparently seeking similar relief for similar reasons.  He has not explained why the equitable relief obtained by the plaintiffs in the *Weikert* case is insufficient to provide him with equitable relief.

     The essence of Mr. Carr's complaint in this case as I interpret it is that defendants failed to implement adequate measures to protect him against COVID dating from the outset of the pandemic through at least December 2020.  He states that he contracted the disease in November 2020 as a result of defendants' failure to implement adequate safety measures.  Moreover, and perhaps because he suffers from asthma, hypertension, and epilepsy, he has suffered from multiple health problems as a result of contracting the disease, including respiratory issues, loss of appetite, numbness or tingling, issues with balance, low energy, "brain fog," loss of taste and

smell, dizziness, headaches, weight loss, and nausea. *Id.* at 6.  He essentially asserts that had reasonable measures been taken, he probably would not have contracted the disease, and he would have suffered fewer consequences if he had been properly diagnosed and treated. Defendants' actions, he claims, amounted to deliberate indifference to his health and medical need, thus violating his constitutional rights.

Defendants filed a motion to dismiss on May 14, 2021.  ECF No. 14.  First, they contend that plaintiff has not complied with the requirement of Rule 8 of the Federal Rules of Civil Procedure because his complaint is not a short and plain statement of either the grounds for jurisdiction or of his claim itself.  Second, defendant Elder claims he is entitled to qualified immunity vis-a-vis plaintiff's claims for monetary damages against him.  Third, defendants argue that the claims against defendant Elder in his official capacity and against defendant Board of County Commissioners should be dismissed because plaintiff has not adequately pled a *Monell* claim.  Finally, defendants claim that Mr. Carr failed to exhaust his administrate remedies.

Plaintiff has never filed a response to the motion to dismiss.  On September 2, 2021, the Court noted plaintiff's failure to respond and ordered plaintiff to show cause by September 19, 2021, as to why the case should not be dismissed without prejudice for failure to prosecute.  ECF No. 23.  Plaintiff did not show cause.  Instead, he filed a frivolous motion for a default judgment, which the Court denied.  ECF Nos. 24 and 25.  On September 14, 2021, in addition to denying another frivolous motion, this time for entry of judgment in plaintiff's favor, the Court again noted plaintiff's failure to respond to the motion to dismiss, and the Court also noted plaintiff's failure to show cause as to why the case should not be dismissed.  ECF No. 29.

3

Apparently in response to the latter order plaintiff has filed a document captioned "Amended." This is a three-page document in which Mr. Carr again states that the defendants failed to take basic measures to protect inmates against COVID-19, resulting in his contracting the disease, and that defendants did not provide adequate care when he did contract COVID. He also informs the Court that he was out on bond from February 14, 2021, to June 20, 2021, and that the jail didn't forward mail to him during his absence.

## CONCLUSIONS

The Court must interpret plaintiff's pleadings liberally due to his pro se status, but it cannot act as his attorney. Plaintiff's failure to respond to the motion to dismiss and to the Court's orders to show cause make it difficult for the Court to deny the motion no matter how liberally I construe his pleadings. Nevertheless, I provide the following comments.

First, I disagree that Mr. Carr has failed to comply with Rule 8. Unlike his earlier case, No. 1:20-cv-02660-RBJ-SKC, in which his complaint unquestionably was non-compliant with the rule, his complaint here, though certainly inartful, makes the basic points. The defendants allegedly were tardy in taking reasonable steps to protect inmates from the virus. He became infected. He did not receive adequate care for his illness. He suffered multiple adverse consequences. They were preventable. The actions amounted to deliberate indifference. He wishes to receive monetary compensation. In short, assuming the truth of his allegations at this stage, and giving plaintiff the benefit of a liberal construction, his complaint passes muster under Rule 8.

Second, although I do not have to reach or decide the qualified immunity issue because I am dismissing the case for other reasons, I am not persuaded by defendants' argument as framed

in this motion that plaintiff cannot show that Sheriff Elder was deliberately indifferent because he stipulated to injunctive relief in the *Weikert* case. The stipulation only occurred after a class action lawsuit was filed. Importantly, a stipulated injunction in 2021 does nothing to compensate the plaintiff for damages allegedly suffered as a result of inadequate measures in 2020 and his contracting COVID in November 2020. It is well established that prisons and jails have a duty to provide adequate medical care to inmates. It is equally well established, and known to every Sheriff in the land, that deliberate indifference to an inmate's serious medical needs violates the constitution. This Court has no difficulty in finding that those duties include the duty to implement reasonable measures to protect inmates from a pandemic, and that deliberate indifference to the implementation of such measures is actionable. That is not a comment on the merits of plaintiff's claims.

Third, I am skeptical of defendants' *Monell* argument. Sheriff Elder is a senior decisionmaker, and his actions bind the Sheriff's Department and presumably the Board. I do agree, of course, that a claim against Sheriff Elder in his official capacity amounts to a claim against the municipality itself. I note that defendants should take care to proofread their motions, as this one refers to "Kershaw" rather than "Carr" in places.

Finally, however, I am concerned about the failure to exhaust argument, even though it is asserted in conclusory terms, almost as an afterthought. The mandatory requirement to exhaust administrative remedies under the PLRA is well known. I do not know what administrative remedies were available to Mr. Carr; or what, if anything, he did to exhaust them; or whether defendants might have done something to prevent his exhausting his administrative remedies.

Defendant's casual treatment of the subject, and plaintiff's failure to respond at all, leaves the Court in the dark on this issue.

Because there is no indication that plaintiff did exhaust his administrative remedies, the Court cannot be certain that it has jurisdiction in this case. Accordingly, the Court dismisses the case without prejudice for failure to establish its jurisdiction. The Court does, however, grant leave to amend. Mr. Carr may file an amended complaint, but he should do so only if he can address the exhaustion issue. If he amends, he should pay careful attention to the Court's comments in this order. He should respond to motions. He should not file frivolous motions and documents. He should not seek equitable relief that is duplicative of the relief provided by the *Weikert* case. The Court is not going to enter judgment in his favor unless he alleges and ultimately proves a valid legal claim for relief to which he is entitled. Finally, he should not pursue two cases that assert the same claims against the same defendants.

DATED this 23rd day of September, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge